IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **EARNEST BARNARD CLAYTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| V. | : | |
| | : | NO. 5:21-cv-00418-TES-CHW |
| **BRANDON GOODMAN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Earnest Barnard Clayton, a prisoner in the Hancock State Prison in Sparta, Georgia, has filed the present civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. He has also submitted a motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *in Forma Pauperis*, ECF No. 2. If Plaintiff wishes to proceed with this action, he is now **ORDERED** to recast his complaint consistent with this order.

As an initial matter, federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185

F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple lawsuits in federal court and that at least three of his complaints or appeals have been dismissed on a ground that constitutes a strike. *See* Order Dismissing Appeal, *Clayton v. Williams*, Case No. 17-11470-F (11th Cir. Sept. 27, 2017) (three-judge panel dismissing appeal as frivolous); Order Adopting R. & R., *Clayton v. Williams*, Case No. 6:16-cv-00174-JRH-RSB (S.D. Ga. Mar. 20, 2017), ECF No. 10 (dismissing for failure to state a claim and failure to follow court orders); Order Dismissing Compl., *Clayton v. Bryson*, Case No. 7:15-cv-00164-WLS-TQL (M.D. Ga. Sept. 8, 2015) (dismissing for abuse of the judicial process).

Thus, Plaintiff may not proceed *in forma pauperis* in this action unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193. To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). A court should only apply the exception to § 1915(g) in "genuine

2

emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his Complaint, Plaintiff sets forth several allegations, including that he has been subjected to a "campaign of retaliation" by the Defendants, that he has been subjected to unsanitary conditions in various cells in which he has been incarcerated, that certain Defendants have threatened and/or injured him, and that Defendants have failed to protect him from being injured by other inmates or have placed him in dangerous housing assignments. Plaintiff, also appears to suggest that his claims relate to the conditions of his previous confinement at Baldwin State Prison ("BSP"), and nearly all the Defendants appear to be employees of that facility. Compl. 4-5, ECF No. 1. Thus, while his allegations could perhaps relate to potential dangers of serious physical injury, as currently drafted, they do not support a finding that this danger is imminent.

First, Plaintiff's allegations that clearly relate to his past treatment at BSP do not demonstrate that he is in imminent danger at HSP. *See, e.g., Medberry*, 185 F.3d at 1193 (holding that allowing plaintiff to amend complaint would be futile because the plaintiff could not show that he was in imminent danger of serious physical injury from being placed in the general population at the prison where he was housed when he filed his complaint because he was transferred to another facility shortly after filing); *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (per curiam) (holding that "even if [prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred after he filed his

3

complaint and "[a]n allegation of past imminent danger will not invoke the 'imminent danger' exception"). In addition, Plaintiff's other allegations fail to clearly demonstrate that he is currently in imminent danger of serious physical injury. For example, Plaintiff alleges that various Defendants conspired together to "set Plaintiff up to be assaulted and/or attacked by the hands of other inmates," but it is unclear whether this occurred at BSP or HSP. *See, e.g.,* Compl. 7-8, ECF No. 1 (alleging that Plaintiff had "a lot" of enemies at BSP who "wanted to or/and wishes to kill and assault Plaintiff Clayton").

It also appears that most of Plaintiff's claims that arise from his incarceration at HSP are duplicative of claims that are currently proceeding in pending cases. *See Clayton v. Mitchell*, Case No. 5:21-cv-00335-MTT-MSH (consolidated with *Clayton v. Ivery*, Case No. 5:21-cv-00389-TES-MSH). Although Plaintiff adds some details to his claims in the instant suit that may vary from those in the pending case, it would be more appropriate for Plaintiff to add such allegations in the pending case by amending his complaint, rather than instituting this new case with claims that are duplicative of those in the pending case. *See Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (explaining that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of another suit already pending in federal court).

In light of the above, if Plaintiff wants to proceed with this action, he must recast his complaint. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or

4

related claims that he is pursuing in this action. Moreover, Plaintiff should not raise claims in this case that are the same claims that he is already litigating in another pending action.

Plaintiff must also list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff is not to lump all of the defendants together without explaining how the particular defendants were involved in his claims. To that end, it is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he or she a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did this person's actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to

a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

The recast complaint will supersede (take the place of) the complaint previously filed in this case. Thus, the Court will not look back to the initial complaint to determine whether Plaintiff has stated a colorable constitutional claim. Plaintiff should therefore take care to include any facts relevant to his claims in his recast complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

Finally, the Clerk is **DIRECTED** to forward Plaintiff a 42 U.S.C. § 1983 complaint form along with his service copy of this Order (with the civil action number showing on both). There will be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 18th day of February, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge